Civilian pay; trial de novo; Court of Claims, jurisdiction to hold; generally. — Plaintiff, a veteran preference eligible, sues to recover back pay and other benefits lost by reason of his allegedly unlawful dismissal from employment as a Purser with the Military Sea Transport Service in 1964. Plaintiff had appealed his dismissal on four charges to the Commander of MSTS who found that one charge had been procedurally defective and was therefore dropped, but that the remaining charges were supported by the evidence and were sustained. Plaintiff was advised of his right to appeal to either the Secretary of the Navy or to the Civil Service Commission but not to both. Following his appeal to the Secretary of the Navy, plaintiff was advised that the three remaining charges were sustained. Plaintiff submitted a certified copy of the administrative record of his dismissal proceedings and appeals with his amended petition in this court, and plaintiff’s counsel stated at a pretrial conference that his proof in court would consist solely of the material contained in that record. Plaintiff’s counsel, however, insisted *1296 that the administrative record should be considered as de novo evidence and assessed, for the purpose of the court’s determination of the validity of the dismissal, on the basis of the preponderance of the evidence in that record, whereas defendant’s counsel insisted that the record should serve as the means for this court’s determination of whether the factual findings made at the administrative level were supported by substantial evidence. Defendant then made a motion to limit the scope of the court’s review and Commissioner George Willi issued an order on February 1, 1967, under Bule 51(a) (15) denying in part defendant’s motion.
The case came before the court on defendant’s request for review of the Tidal Commissioner’s order of February 1, 1967. Upon consideration thereof and without oral argument, the court issued an order, dated May 15, 1967, in which it held as follows:
(1) Defendant first contends that the court cannot consider plaintiff’s argument, that he was separated for a reason (i.e., that he was an insubordinate alcoholic) other than that charged against him, because he failed to raise this point administratively. The court rejects this contention of defendant’s. Plaintiff’s amended petition specifically alleges that he was dismissed for a reason other than those asserted in the charges against him. The defendant’s answer did not assert any defense of failure to exhaust administrative remedies. Nor was this defense raised at any point prior to the defendant’s request for review of the trial commissioner’s order. In these circumstances, this defense has been waived for this case (see Bule 20 (h)).
(2) In cases testing the validity of the removal, suspension, or demotion of civilian employees of the Federal Government, those factual determinations which are committed by law to an administrative agency or tribunal, and are decided by it, cannot be overturned or set aside in this court unless contrary to law, unsupported by substantial evidence, arbitrary, capricious, or rendered in bad faith.
(3) The record on which the foregoing factual determinations are to be tested can properly consist not only of the administrative record but also, if either party so chooses, of de novo evidence. Cf. Morelli v. United States, Nos. 473- *1297 60, 47-65, decided December 16, 1966, 177 Ct. Cl. 848, 857 (1966)*; Beckham v. United States, 179 Ct. Cl. 539, 544; Order of March 22, 1966, by Commissioner Hogenson in Harold C. Keil v. United States, No. 142-65, defendant’s request for review denied by the court on May 16,1966.†
(4) In this case, however, neither party seeks the introduction of de novo evidence and therefore those factual findings and conclusions which have been committed to administrative determination are to be tested solely on the administrative record.
(5) In such personnel cases, factual issues not committed to administrative determination are to be determined in this court by the standard of the preponderance of the evidence or other appropriate standard (e.g. “clear and convincing” proof in the case of fraud, etc.). In some circumstances so-called procedural issues may be committed to administrative determination (e.g., in appeals to the Civil Service Commission under Sec. 14 of the Veterans’ Preference Act), but not in others. There is no overall or hard and fast distinction in treatment between so-called procedural issues and so-called substantive issues.
(6) In this case, the issue of whether plaintiff was improperly required to elect between appealing to the Secretary of the Navy and appealing to the Civil Service Commission was not a matter committed by law to determination by the Secretary of the Navy.
(7) The issue of whether plaintiff was in fact separated for a reason not charged against him must be treated in this particular case as a matter not committed to administrative determination by the Secretary of the Navy or the lower echelons within the Navy Department.
For these reasons, and without agreeing with all the statements made in Commissioner Willi’s pre-trial order of Febru *1298 ary 1, 1967, the court denies the defendant’s request for review.

TMs citation was added by order of May 26, 1967, amending tbe order of May 15,1967.

Tbe order of Commissioner Roald A. Hogenson in tbe Keil case is not reported in tbe court’s reports. In a suit to recover back pay lost through an allegedly arbitrary dismissal of plaintiff, a veteran preference eligible, from bis civilian employment with tbe Air Eorce, defendant moved for an order requiring disposition of tbe case on tbe basis of tbe administrative record only. Citing Harrington v. United States, 174 Ct. Cl. 1110 (1966), among other cases, tbe Commissioner issued an order denying defendant’s motion.